# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**CHRISTO LASSITER,**

        **Appellant,**

**-v-**

**DEVON LORAINE GROVE-MERRITT,**

        **Appellee.**

Case No. 3:09-cv-190

Judge Thomas M. Rose

---

**ENTRY AND ORDER GRANTING GROVE-MERRITT'S MOTION TO DISMISS (Doc. #5); DISMISSING LASSITER'S APPEAL AND TERMINATING THIS CASE**

---

This is an appeal from an adversary proceeding (Case No. 3:07-ap-03215) conducted in the U.S. Bankruptcy Court for the Southern District of Ohio. On May 3, 2007, Devon Loraine Grove-Merritt ("Grove-Merritt"), aka Devon L. Dullaghan, filed a pro se petition for relief under Chapter 7 of the Bankruptcy Code. (Case No. 3:07-ap-03215, doc. #62.) Christo Lassiter ("Lassiter"), aka Harvey Christophe Lassiter, the Appellant in this case, then filed an adversary proceeding in which he sought a determination from the Bankruptcy Court that a debt owed to him by Grove-Merritt, the Appellee in this case, was nondischargeable. (Id.) Following a trial on the merits, the Bankruptcy Court found that the debt that might have been owed by Grove-Merritt to Lassiter is not excepted from the discharge. (Id.) The Bankruptcy Court's decision was entered on March 31, 2009. (Id. docs. #62, 63.)

On April 12, 2009, Lassiter filed a Motion To Extend Time To File Appeal, a Notice of Appeal and an Election To Appeal To District Court. (Id. docs. #66, 67, 69.) These documents were filed in the adversary proceeding.

On April 13, 2009, the Bankruptcy Judge denied Lassiter's Motion To Extend Time To File Appeal because the Motion failed to include the mandatory 20 day notice required by Local Bankruptcy Rule 9013-1(a). (Id. doc. #71.) On April 15, 2009, Lassiter filed an Amended Motion To Extend Time To File Appeal. (Id. doc. #72.) The Bankruptcy Court then conducted a hearing on Lassiter's Amended Motion. After taking testimony and argument, the Bankruptcy Court denied Lassiter's Amended Motion. (Id. doc. #79.)

Grove-Merritt then filed a Motion To Dismiss Lassiter's Appeal. (Id. doc. #82.) The Bankruptcy Court denied Grove-Merritt's Motion To Dismiss without prejudice to her pursuit of such a motion with the appellate court. (Id. doc. #83.) The Bankruptcy Court noted that Lassiter's Notice of Appeal was filed two days after the appeal period had expired. (Id.) The Bankruptcy Court had previously found, following an evidentiary hearing, that Lassiter's Appeal was untimely pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 8002(a) and that Lassiter had not established excusable neglect pursuant to FRBP 8002(c). (Id.) However, Grove-Merritt's Motion To Dismiss was denied because Lassiter's Notice of Appeal "is being processed by the Clerk in accordance with the applicable Federal and Local Bankruptcy Rules," and due to the Notice of Appeal being filed, the issues raised by Grove-Merritt's Motion To Dismiss cannot be addressed by the Bankruptcy Court but may be addressed to the appellate court. (Id.)

Lassiter's Notice of Appeal was docketed in this Court on May 7, 2009. (Case No. 3:09-cv-190, doc. #1.) On May 26, 2009, Grove-Merritt's Motion To Dismiss was filed in this Court. (Id. doc. #5.) The time has run and Lassiter has not responded. Grove-Merritt's Motion To Dismiss is, therefore, ripe for decision.

Grove-Merritt argues that Lassiter's Appeal should be dismissed with prejudice for lack of subject matter jurisdiction since it was not timely filed. (Id.) The order from which Lassiter is appealing was filed on March 31, 2009. Lassiter's Notice of Appeal was received by the Bankruptcy Court twelve days later on April 12, 2009.

FRBP 8002(a) mandates that a notice of appeal be filed within 10 days of the date of the entry of the judgment, order or decree appealed from. Further, FRBP 9006 mandates that, when a period of time is stated in days, every day is counted including intermediate Saturdays, Sundays and legal holidays. Therefore, Lassiter had until April 10, 2009 to appeal.

Since Lassiter's Notice of Appeal was not filed until April 12, 2009, his appeal was not made within the 10-day time requirement. Further, following a hearing and argument, the Bankruptcy Court determined that Lassiter did not establish excusable neglect.[1]

For this Court to have jurisdiction over Lassiter's Appeal, Lassiter must have timely appealed. *See In re Burns*, 322 F.3d 421, 429 (6th Cir. 2003). This he did not do. Therefore, this Court does not have jurisdiction over Lassiter's Appeal.

Grove-Merritt's Motion To Dismiss is GRANTED. Lassiter's Appeal is DISMISSED for lack of jurisdiction. The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio this Twentieth day of July, 2009.

                                                     **s/Thomas M. Rose**

                                                     THOMAS M. ROSE
                                              UNITED STATES DISTRICT JUDGE

---

[1] The bankruptcy judge may extend the time for appeal if excusable neglect is shown. FRBP 8002(c)(2).

Copies furnished to:

Harvey Christophe Lassiter
University of Cincinnati College of Law
Corner of Clifton and Calhoun
Cincinnati, OH 45221-0040

Devon L. Dullaghan
200 Woodland Road
Mason, OH 45040